[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13496
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00037-SDM-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL HERIBERTO GUDIMO SALTIZABAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 12, 2016)

Before TJOFLAT, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Manuel Saltizabal appeals his 168-month sentence, imposed at the bottom of the guidelines range, after pleading guilty to conspiracy to possess with intent to distribute cocaine while on board a vessel, in violation of 46 U.S.C. § 70506(b), and aiding and abetting possession with intent to distribute cocaine while on board a vessel, in violation of 46 U.S.C. § 70503(a). Saltizabal argues that his sentence was substantively unreasonable because it was higher than necessary to meet the goals of sentencing and created a sentencing disparity between Saltizabal and his codefendant. After review,[1] we affirm.

The sentence imposed by the district court was not substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007) (explaining that we examine whether a sentence is substantively reasonable in light of the totality of the circumstances). The sentence was not higher than necessary to meet the goals of sentencing because the district court appropriately weighed the factors listed in § 3553(a), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). Saltizabal has not demonstrated why those factors should be reweighed. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (explaining that the decision about how much

---

[1] We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).

weight to assign a particular factor is committed to the discretion of the district court); *United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009) (explaining that, absent clear error, this Court will not reweigh the § 3553(a) factors).  Nor was the sentence substantively unreasonable because it created a sentencing disparity between Saltizabal and his codefendant.  *See* 18 U.S.C. § 3553(a)(6) (requiring the district court to consider the need to avoid unwarranted sentencing disparities).  The district court explained at sentencing that Saltizabal's sentence was similar to other historical defendants who were involved in the same conduct.  Additionally, Saltizabal, who captained the boat containing the cocaine, was not similarly situated to his codefendant.  *See* U.S.S.G. § 2D1.1(b)(3)(C).  We therefore affirm Saltizabal's sentence.

**AFFIRMED.**